UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

LEROY POOLE,

    Plaintiff,                        DEMAND FOR JURY TRIAL

-vs-                                Case No.
                                      Hon.

ALLIED INTERSTATE LLC,

ENHANCED RECOVERY COMPANY, LLC, and

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendants.

## COMPLAINT & JURY DEMAND

### Introduction

1. The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

2. Under §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. This prohibition applies to communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. §§1692e(8).

## Jurisdiction

3. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

## Parties

4. The Plaintiff to this lawsuit resides in Detroit, Michigan in Wayne County.

5. Allied Interstate LLC, ("AILLC") is a corporation doing business in Michigan.

6. Enhanced Recovery Company, LLC ("ERCLLC") is a corporation doing business in Michigan.

7. Midland Credit Management, Inc., ("MCMI") is a corporation doing business in Michigan.

## Venue

8. The transactions and occurrences which give rise to this action occurred in Wayne County.

9. Venue is proper in the Eastern District of Michigan.

## General Allegations

10. On or about February 27, 2020, Plaintiff received a letter from MCMI attempting to collect a debt allegedly owed to Synchrony Bank and disputed by Plaintiff ("alleged Synchrony debt").

11. Plaintiff disputed the alleged Synchrony debt in writing to MCMI ("MCMI dispute") and transmitted the MCMI dispute to MCMI via certified mail.

12. MCMI received the MCMI dispute on March 22, 2020.

13. On or about April 21, 2021, MCMI reported the alleged Synchrony debt to all three national credit bureaus and failed to note that the debt was disputed.

14. MCMI's failure to note the Plaintiff's dispute of the alleged Synchrony debt damaged the Plaintiff materially in that it deprived him of his right to let potential creditors know that the debt and the delinquency were in dispute, had an unduly negative effect on his credit score, and negatively impacted his ability to obtain credit.

15. Prior to May 8, 2020, Plaintiff received a letter from ERCLLC attempting to collect a debt allegedly owed to Dish Network and disputed by Plaintiff ("alleged Dish Network debt").

16. Plaintiff disputed the alleged Dish Network debt in writing to ERCLLC ("ERCLLC dispute") and transmitted the ERCLLC dispute to ERCLLC via certified mail.

17. ERCLLC received the ERCLLC dispute on May 12, 2020.

18. On or about April 20, 2021, ERCLLC reported the alleged Dish Network debt to all three national credit bureaus and failed to note that the debt was disputed.

19. ERCLLC's failure to note the Plaintiff's dispute of the alleged Dish Network debt damaged the Plaintiff materially in that it deprived him of his right to let potential creditors know that the debt and the delinquency were in dispute, had an unduly negative effect on his credit score, and negatively impacted his ability to obtain credit.

20. On or about October 1, 2020, Plaintiff received a letter from AILLC. attempting to collect a debt allegedly owed to Dish Network and disputed by Plaintiff ("alleged Dish Network debt").

21. Plaintiff disputed the alleged Dish Network debt in writing to AILLC ("AILLC dispute") and transmitted the AILLC dispute to AILLC via certified mail.

22. AILLC received the AILLC dispute on January 4, 2021.

23. On or about January 11, 2021, AILLC reported the alleged Dish Network debt to all three national credit bureaus and failed to note that the debt was disputed.

24. AILLC's failure to note the Plaintiff's dispute of the alleged Dish Network debt damaged the Plaintiff materially in that it deprived him of his right to let potential creditors know that the debt and the delinquency were in dispute, had an unduly negative effect on his credit score, and negatively impacted his ability to obtain credit.

### COUNT I – Fair Debt Collection Practices Act (AILLC)

25. Mr. Poole incorporates the preceding allegations by reference.

26. At all relevant times AILLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

27. AILLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

28. AILLC's foregoing acts in attempting to collect this alleged debt against Mr. Poole constitute violations of the FDCPA.

29. Mr. Poole has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (AILLC)

30. Mr. Poole incorporates the preceding allegations by reference.

31. AILLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

32. Mr. Poole is a debtor as that term is defined in M.C.L. § 339.901(f).

33. AILLC's foregoing acts in attempting to collect this alleged debt against Mr. Poole constitute violations of the Occupational Code.

34. Mr. Poole has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT III – Fair Debt Collection Practices Act (ERCLLC)

35. Mr. Poole incorporates the preceding allegations by reference.

36. At all relevant times ERCLLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

37. ERCLLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

38. ERCLLC's foregoing acts in attempting to collect this alleged debt against Mr. Poole constitute violations of the FDCPA.

39. Mr. Poole has suffered damages as a result of these violations of the FDCPA.

### COUNT IV – Michigan Occupational Code (ERCLLC)

40. Mr. Poole incorporates the preceding allegations by reference.

41. ERCLLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

42. Mr. Poole is a debtor as that term is defined in M.C.L. § 339.901(f).

43. ERCLLC's foregoing acts in attempting to collect this alleged debt against Mr. Poole constitute violations of the Occupational Code.

44. Mr. Poole has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT V – Fair Debt Collection Practices Act (MCMI)

45. Mr. Poole incorporates the preceding allegations by reference.

46. At all relevant times MCMI – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

47. MCMI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

48. MCMI's foregoing acts in attempting to collect this alleged debt against Mr. Poole constitute violations of the FDCPA.

49. Mr. Poole has suffered damages as a result of these violations of the FDCPA.

## COUNT VI – Michigan Occupational Code (MCMI)

50. Mr. Poole incorporates the preceding allegations by reference.

51. MCMI is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

52. Mr. Poole is a debtor as that term is defined in M.C.L. § 339.901(f).

53. MCMI 's foregoing acts in attempting to collect this alleged debt against Mr. Poole constitute violations of the Occupational Code.

54. Mr. Poole has suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand for Jury Trial

55. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Mr. Poole requests that this Court*

   a. *assume jurisdiction over all claims,*

   b. *award actual damages,*

   c. *statutory damages,*

   d. *costs, and*

   e. *attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
     Adam G. Taub (P48703)
     Attorney for Leroy Poole
     17200 West 10 Mile Rd. Suite 200
     Southfield, MI 48075
     Phone:  (248) 746-3790
     Email:   adamgtaub@clgplc.net

Dated:  June 9, 2021